IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, | Case No. 14-cr-00173-DKW-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING EMERGENCY MOTION FOR BAIL PENDING APPEAL** |
| KIRISIMASI MASUISUI, | |
| Defendant. | |

Defendant Kirisimasi Masuisui moves for bail pending the appeal of his judgment of conviction, arguing that he is not likely to flee, he is not a danger to the community, his appeal will raise substantial questions of law or fact, and extraordinary circumstances exist justifying his release on bail.  In its opposition, the government argues that this Court lacks jurisdiction to address the instant motion, Masuisui is a danger to the community, and extraordinary circumstances do not exist.

As an initial matter, for the reasons discussed below, the Court finds that it has jurisdiction to decide Masuisui's motion for bail.  Nonetheless, because Masuisui fails to explain why a substantial question will be raised on his appeal and fails to provide clear and convincing evidence that he is not likely to flee, his motion for bail is DENIED.

## RELEVANT BACKGROUND

On October 2, 2019, Masuisui was sentenced to 292 months imprisonment after pleading guilty to (1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine and 5 kilograms or more of cocaine, and (2) possession of 50 grams or more of methamphetamine with intent to distribute. Dkt. No. 507. Among other things, Masuisui's offenses of conviction carried a mandatory minimum term of imprisonment of ten years and a maximum term of life. 21 U.S.C. § 841(b)(1)(A).

On October 7, 2019, Masuisui appealed his judgment of conviction. Dkt. No. 511. Based upon the record before the Court, that appeal remains pending.

On June 25, 2020, Masuisui filed the instant motion for bail pending appeal. Dkt. No. 546. The government has filed a response in opposition to the motion for bail, Dkt. No. 549, and Masuisui has filed a reply, Dkt. No. 552.[1] This Order now follows.

---

[1] Both parties also filed motions to seal certain exhibits. Dkt. Nos. 547, 550. As for Masuisui's motion to seal, Dkt. No. 547, contrary to Local Rule 5.2, he has failed to provide the Court with a "copy of the proposed sealed filing…." Local Rule 5.2(c)(1). Nonetheless, Masuisui's counsel describes the sealed filing as "confidential medical records and information." Dkt. No. 547 at 2. On that basis, and without government objection, the Court GRANTS Masuisui's motion to seal. Masuisui shall file the sealed information forthwith. As for the government's motion to seal, having provided the Court with the proposed sealed information, and the same appearing to be confidential, with no objection, the government's motion to seal, Dkt. No. 550, is GRANTED. The government is instructed to file the sealed exhibits consistent with Local Rule 5.2.

## **LEGAL STANDARD**

Pursuant to Section 3143(b)(1) of Title 18, a court must order the detention of a person found guilty of an offense and sentenced to a term of imprisonment who has filed an appeal, unless the court finds:

    (A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

    (B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–

        i.    reversal,
        ii.    an order for a new trial,
        iii.    a sentence that does not include a term of imprisonment, or
        iv.    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). In addition, when a person's offense of conviction has a maximum sentence of life imprisonment, a court may only order his release "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); 18 U.S.C. § 3143(b)(2); 18 U.S.C. § 3142(f)(1)(B). A defendant bears the burden of showing that he is not a flight risk or a danger to the community and that his appeal raises a

3

substantial question of law or fact.  *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990); *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986).

## DISCUSSION

The Court first addresses the government's contention that jurisdiction does not exist to address the motion for bail, and, then, the merits of the motion.

**I.   Jurisdiction**

In its opposition to the motion for bail, in one brief sentence, the government asserts that "[t]his Court does not have jurisdiction to grant bail pending appeal while a direct appeal is pending."  Dkt. No. 549 at 1.  While Masuisui does not concede that the Court lacks jurisdiction, he notes that, to the extent the Court does lack jurisdiction, an indicative ruling should be made on the motion.  Dkt. No. 546-1 at 4 n.1.  Neither party, however, provides citation to any authority for the proposition that this Court lacks jurisdiction over the instant motion.

Based upon the Court's independent research, jurisdiction exists to address the merits of the motion for bail, irrespective of the pending appeal.  While the Ninth Circuit Court of Appeals does not appear to have directly spoken on this issue, the Tenth Circuit has, concluding that, "[a]lthough the filing of a notice of appeal usually divest [*sic*] the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is

to be made by the district court." *United States v. Meyers*, 95 F.3d 1475, 1488 n.6 (10th Cir. 1996). This Court is not aware of any Court of Appeals to hold otherwise. Further support for the Court's jurisdiction over the motion for bail comes from the commentary to the pertinent Federal Rule of Criminal Procedure. Specifically, the commentary to Rule 46, which concerns "[r]elease from [c]ustody," explains that "the district court retains jurisdiction to decide whether the defendant should be detained, even if a notice of appeal has been filed." Fed.R.Crim.P. 46 cmt. (2002 amendments).

As a result, the Court turns to the merits of the motion for bail.

## II. Merits

The Court finds that the motion for bail should be denied because Masuisui has failed to meet his burden of showing either a substantial question of law or fact that may be raised on his appeal or clear and convincing evidence that he is not likely to flee.[2] The Court addresses each of those findings in turn.

First, Masuisui makes only a cursory attempt to show that a substantial question may exist on his appeal. More specifically, Masuisui simply states the issues he may raise and, then, conclusorily asserts that they are non-frivolous and

---

[2] The Court thus need not and does not address any of the other findings that a defendant must establish in order to justify release pending an appeal.

5

"fairly debatable."   Dkt. No. 546-1 at 9-10.[3]   No attempt, however, is made to provide *any* explanation for why the identified issues are substantial.   In that regard, the Court notes that three of the four issues solely concern offense-level points that were calculated in reaching Masuisui's guideline sentencing range.   Therefore, even if all of those issues were resolved successfully for Masuisui, they would only result in resentencing.   Moreover, at best, even on resentencing, Masuisui would still be subject to a *mandatory minimum* sentence of ten years imprisonment.[4]   Therefore, given that there is no reason to believe that Masuisui's appeal will last for years into the future, none of the sentencing issues he may raise on appeal would qualify as a "substantial question" for purposes of Section 3143(b)(1)(B).   The only other issue Masuisui contends he may raise on appeal is the denial of his motion to withdraw his guilty plea.   As discussed, however, there is no explanation for why that issue constitutes a "substantial question" under Section 3143(b)(1)(B).   Therefore, Masuisui has failed to meet his burden in this regard.   *See Montoya*, 908 F.2d at 451.

---

[3]Masuisui acknowledges that his opening brief on appeal has yet to be filed.   As a result, the Court has no assurance as to what the appeal will actually look like.

[4]More accurately, even if all of the sentencing issues Masuisui may raise were resolved favorably for him, he would receive a total offense level of 33.   With a criminal history category of I, that would result in a guideline imprisonment range of 135 to 168 months.

Second, Masuisui provides little more explanation for why he is not likely to flee. He states that "[t]his court has already found that defendant is not likely to flee when it denied the government's initial motion to detain [him]" and "it is even less likely" he will flee in light of the coronavirus and his request for home confinement. Dkt. No. 546-1 at 7. Masuisui ignores, however, that circumstances have changed dramatically since the government's initial motion to detain in 2014.[5] Specifically, Masuisui has now been convicted and sentenced to a 292-month term of imprisonment–one which, even Masuisui has described as a "life sentence…." 10/2/19 Tr. at 8:20-22, Dkt. No. 523. In addition, Masuisui provides no explanation for how home confinement or the coronavirus would make it less likely that he would flee. For example, even if GPS monitoring was imposed during home confinement, something which Masuisui does not address, that alone would not stop him from fleeing. Equally, the coronavirus itself does not prevent flight. Ultimately, in light of the sentence imposed in this case, the Court finds that Masuisui has failed to show by clear and convincing evidence that he is not likely to flee.

---

[5]With respect to the government's 2014 motion to detain, the Court notes that the motion was initially denied by a Magistrate Judge. Dkt. No. 12. Thereafter, this Court reversed the Magistrate Judge's determination and revoked Masuisui's bail after the Court found that Masuisui had, at the very least, attempted to influence potential testimony from a cooperating witness. Dkt. No. 104.

## **CONCLUSION**

For the reasons set forth herein, Masuisui's motion to seal, Dkt. No. 547, and the government's motion to seal, Dkt. No. 550, are GRANTED.  Because Masuisui has failed to show that a substantial question will be raised on his appeal or clear and convincing evidence that he is not likely to flee, the emergency motion for bail pending appeal, Dkt. No. 546, is DENIED.

IT IS SO ORDERED.

DATED: July 22, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*United States of America v. Kirisimasi Masuisui*; Cr 14-00173 DKW-1; **ORDER DENYING EMERGENCY MOTION FOR BAIL PENDING APPEAL**