IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIRISIMASI MASUISUI,<br><br>Defendant. | Case No. 14-cr-00173-DKW-1<br><br>**ORDER (1) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; (2) DENYING A CERTIFICATE OF APPEALABILITY**[1] |

On April 15, 2024, Petitioner Kirisimasi Masuisui filed a Notice of Appeal of this Court's February 26, 2024 Order denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. Nos. 580 & 582. Therein, Masuisui also moved for this Court to reconsider its previous denial of a Certificate of Appealability ("COA") and grant him leave to proceed *in forma pauperis* on appeal. *See* Dkt. Nos. 582-1 & 582-2. For the reasons set forth below, both of Masuisui's requests are DENIED.

---

[1]Pursuant to Local Rule 7.1(d), the Court finds these matters suitable for disposition without a hearing.

# DISCUSSION[2]

## I. *In Forma Pauperis* Status

Motions to proceed *in forma pauperis* on appeal are governed by Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3).  As relevant here, Rule 24(a)(1) provides that:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> (a) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (b) claims an entitlement to redress; and
> (c) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).  Further, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  This is an "easily met test" as "[t]he good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (quotation marks and citations omitted).  An issue may be deemed frivolous, however, "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[2] As Masuisui is *pro se*, the Court liberally construes his filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Masuisui has failed to meet the requirements of Rule 24(a)(1) because he has neither utilized Form 4, nor otherwise provided the requisite detail to illustrate his inability to pay or give security for fees and costs. Instead, Masuisui submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240). *See* Dkt. No. 582-2. "Although [AO 240] contains some of the information required by Form 4, it leaves many questions included in Form 4 unanswered." *McAllister v. Hawaiiana Mgmt. Co.*, 2013 WL 12407395, at *1 (D. Haw. Apr. 4, 2013). For example, Form 4 seeks, among other things, information from the prospective appellant and his/her spouse regarding expected future income and expenses, employment history for the past two years, and tax obligations—none of which is provided by Masuisui's IFP application. *See* Fed. R. App. P. Form 4; Dkt. No. 582-2. As such, due to Masuisui's failure to comply with Rule 24(a)(1), the Court is unable to properly assess his ability to pay the requisite fees. His application to proceed *in forma pauperis* must, therefore, be denied.

Moreover, even if Masuisui had fully complied with Rule 24(a)(1), the Court would still deny his application to proceed *in forma pauperis* as any appeal would be frivolous. As the Court explained at length in its February 26, 2024 Order, Masuisui's Section 2255 Motion was dismissed because he failed to establish that there was any legal or factual merit to his claims that his counsel at sentencing

rendered constitutionally ineffective assistance and/or that he was entitled to the retroactive application of the November 2023 amendments to the United States Sentencing Guidelines. *See* Dkt. No. 580. Nor does Masuisui's current motion suggest that there is any arguable basis in law or fact to alter the Court's prior reasoning in this regard. *See* Dkt. Nos. 581 & 582-1.[3] As such, the Court finds that Masuisui's appeal of the February 26, 2024 Order is frivolous and certifies that it is not taken in good faith. *See Neitzke*, 490 U.S. at 325. His motion to proceed *in forma pauperis* on appeal is therefore denied for this additional reason.

## II.  Certificate of Appealability

A petitioner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

---

[3] Masuisui, in fact, appears to incorporate by reference the arguments he raised in his as-construed motion for reconsideration, *see* Dkt. No. 581, into his motions for a certificate of appealability and leave to proceed *in forma pauperis* on appeal. *See* Dkt. No. 582-1 at 2 ("Kirisimasi Masuisui, deserves to assert an appeal, that the decision of the District Court is completely erroneous in that; see: Exhibit-A-(To file Documents of the Enclosed Out of Time.").

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks and citations omitted).

Here, the Court has *already denied* Masuisui a COA, finding that he failed to make a substantial showing that he was denied a constitutional right and that reasonable jurists would not debate this resolution of his claims. *See* Dkt. No. 580 at 23. Moreover, to the extent that Masuisui seeks reconsideration of this decision, beyond simply rehashing the same arguments, he fails to provide any support for the same. *See* Dkt. No. 581; Dkt. No. 583 (rejecting Masuisui's arguments in an as-construed motion for reconsideration); *Sch. Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining reconsideration is only "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). In other words, the Court does not find that Masuisui has advanced any arguments that would alter the Court's previous conclusions as to the reasonable resolution of his claims. His request for the issuance of a COA is therefore, once again, denied.

## CONCLUSION

For the reasons set forth herein, the Court CERTIFIES that Masuisui's appeal is not taken in good faith. Accordingly, Masuisui's application for leave to proceed *in forma pauperis* on appeal, Dkt. Nos. 582-1 & 582-2, is DENIED.

Further, Masuisui's motion for a Certificate of Appealability, Dkt. No. 582-1, is also DENIED.

The Clerk is directed to send a copy of this Order to Masuisui and to the United States Court of Appeals for the Ninth Circuit.  *See* Fed. R. App. P. 24(a)(4).

IT IS SO ORDERED.

DATED: April 22, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Kirisimasi Masuisui*; Case No. 14-cr-00173-DKW-1; **ORDER (1) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; (2) DENYING A CERTIFICATE OF APPEALABILITY**