IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIRISIMASI MASUISUI,<br><br>Defendant. | Case No. 14-cr-00173-DKW-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE/REDUCTION IN SENTENCE** |

On September 23, 2024, Defendant Kirisimasi Masuisui, proceeding *pro se*, filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release or a reduction in the 292-month sentence for drug distribution imposed on him by this Court in 2019. Masuisui asserts that he is deserving of immediate release because: (1) the Court improperly applied a four-level aggravating role enhancement under Section 3B1.1 of the United States Sentencing Guidelines; (2) the purity of the methamphetamine for which he was held responsible was not determined prior to sentencing, as required by "new changes in the law;" and (3) he has serious and/or terminal medical conditions which require long-term and specialized treatment not provided by the Bureau of Prisons ("BOP"). Masuisui, however, has failed to show that he exhausted his administrative remedies prior to filing the instant motion or that, even if he had, any of his asserted grounds

constitute extraordinary and compelling reasons warranting release or reduction. As a result, his motion, Dkt. No. 587, is DENIED, as more fully discussed below.

## FACTUAL & PROCEDURAL BACKGROUND[1]

On December 19, 2016, Masuisui pled guilty without a plea agreement to: (1) conspiracy to distribute and to possess with the intent to distribute fifty grams or more of methamphetamine and five kilograms or more of a substance containing a detectable amount of cocaine; and (2) possessing with the intent to distribute fifty grams or more of methamphetamine. *See* Dkt. No. 88; Dkt. No. 302.

Thereafter, following several continuances, Masuisui appeared for sentencing on October 2, 2019. Dkt. No. 504. During that hearing, the Court overruled, *inter alia*, Masuisui's objection that he should not receive a four-level enhancement under Section 3B1.1, finding that the record provided more than sufficient support for the application of the same. *See* Dkt. No. 523 at 13–15. As a result, the Court adopted the Presentence Investigation Report ("PSR") without change, finding Masuisui's offense level to be 40, criminal history category to be I, and the corresponding Sentencing Guidelines range to be between 292 and 365 months. *Id.* at 19–20. After hearing sentencing recommendations from the parties

---

[1]The Court assumes the parties' familiarity with the procedural and factual background of this case and, thus, sets forth only the background necessary for an understanding of the immediate issues. More detailed backgrounds are set forth in prior Orders, *see, e.g.*, Dkt. No. 580 at 2–7, and will not be repeated here.

and considering the sentencing factors laid out in 18 U.S.C. § 3553(a),[2] the Court sentenced Masuisui to a bottom-of-the-Guidelines-range term of imprisonment of 292 months as to each count, terms to run concurrently. *Id.* at 20–27, 31–41.

On September 23, 2024, Masuisui filed the instant motion for compassionate release/reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[3] Dkt. No. 587. The Government responded on September 26, 2024. Dkt. No. 592. Despite ample opportunity to do so, *see* Dkt. No. 591, Masuisui failed to reply and the Court now considers briefing to be complete. Pursuant to Criminal Local Rule 12.2(a)(1), the Court elects to decide these matters without a hearing, and this Order now follows.

## **STANDARD OF REVIEW**[4]

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court generally may not modify a term of imprisonment, except where: (1) the defendant has exhausted his administrative remedies; (2) there are "extraordinary and compelling reasons"[5]

---

[2] In doing so, the Court extensively considered Masuisui's health issues, including his chronic kidney disease. *See* Dkt. No. 523 at 20–25, 34–36, 42.

[3] Masuisui is currently incarcerated at the United States Medical Center for Federal Prisoners Springfield ("MCFP Springfield"), located in Springfield, Missouri. *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (select "Find By Name," enter "Kirisimasi" in "First" and "Masuisui" in "Last," and select "Search") (last accessed November 4, 2024). He is scheduled to be released on June 16, 2034. *Id.*

[4] Because Masuisui is *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[5] "Extraordinary and compelling reasons" may include: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) abuse while in custody; (5) other reasons similar in gravity to reasons 1 through 4; and (6) an unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

which warrant a sentence reduction; (3) such reduction is "consistent with applicable policy statements" issued by the United States Sentencing Commission; and (4) the Court has considered the relevant sentencing factors set forth at 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022). In bringing a motion under this section, the defendant bears the burden of establishing that he is eligible for compassionate release. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

## DISCUSSION[6]

### I. Exhaustion

Because exhaustion is a threshold inquiry, the Court begins with the Government's argument that Masuisui's motion must be denied, as there is no evidence that he properly exhausted his administrative remedies. *See* Dkt. No. 592 at 1–2.

Pursuant to Section 3582(c)(1)(A), when a defendant brings a motion for compassionate release, he must first show that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request

---

[6]Confusingly, Masuisui appears to seek *both* expedited consideration of his motion for compassionate release, *see* Dkt. No. 587 at 1, and a stay of the same pending appeal, *see* Dkt. No. 589. Nevertheless, the Court need not resolve this ambiguity, as the Ninth Circuit's recent denial of Masuisui's appeal MOOTS any motion to stay. *See* Dkt. No. 593.

by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Such requirement is "a mandatory claim-processing rule" and thus "must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). Consequently, "a district court may not . . . excuse a defendant's failure to satisfy that requirement over the government's timely objection." *Id.*

Here, as the Government points out, Masuisui "simply claims that he has satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)(i) without providing any evidence that he has done so." *See* Dkt. No. 592 at 1; Dkt. No. 587 at 1. In fact, there is *nothing* in the motion, such as an attached letter or form, to indicate that Masuisui ever made such a request to the warden of MCFP Springfield. *See generally* Dkt. No. 587. As such, Masuisui's motion for compassionate release, Dkt. No. 587, must be DENIED for failure to exhaust.

## II.     Extraordinary and Compelling Reasons

Even if Masuisui had exhausted his administrative remedies, however, his motion would nevertheless be denied on the merits. Masuisui contends that he should be released or his sentence reduced because: (1) the Court improperly applied a four-level sentencing enhancement pursuant to Section 3B1.1 of the United States Sentencing Guidelines; (2) the purity of the methamphetamine for which he was held responsible was not determined prior to sentencing; and (3) he

has various serious and/or terminal medical conditions for which he is not receiving adequate care in the carceral setting. *See generally* Dkt. No. 587. Each of these grounds, however, is unavailing as further explained below.

    a.    **<u>Section 3B1.1 Sentencing Enhancement</u>**

First, Masuisui argues that he should be granted immediate release from his sentence because the Court erred in applying a four-level aggravating role enhancement under Section 3B1.1 of the Sentencing Guidelines for being the leader or organizer of a criminal activity involving five or more participants. *See* Dkt. No. 587 at 2, 4–5. According to Masuisui, he had "only two (2) co-defendants instead of the legal requirement of five (5) co-defendants." Dkt. No. 587 at 2. As such, he "currently sits in illegal status awaiting the reduction of the four (4) level enhancement for being a 'leader, organizer of an activity involving more than five (5) people." *Id.*

This argument lacks merit. As an initial matter, Masuisui is simply wrong as to the factual basis for his claim. Contrary to his assertions that he had only two co-defendants, Masuisui had *four* co-defendants, which alone may have been sufficient to establish a basis for the four-level enhancement.[7] *See* Dkt. No. 44;

---

[7]Although one of Masuisui's co-defendants—Lawrence Mikaele—was acquitted at trial, and another—Irineo Chavez—had his charges dismissed, both could still have been considered for the purposes of the Section 3B1.1 enhancement. *See* Dkt. No. 398 at 30 ("Mikaele's mere acquittal at trial does not mean his automatic disregard as a participant in the offense for sentencing purposes"); *see also United States v. Pena*, 675 F. App'x 735, 737 (9th Cir. 2017) (affirming the district court's finding that an acquitted co-defendant was a participant for the

Dkt. No. 88; Dkt. No. 398 at 29–30; Dkt. No. 523 at 13–14.  Even were this not the case, Section 3B1.1 explicitly states: "If the defendant was an organizer or leader of a criminal activity that involved five or more *participants*, or was otherwise extensive, increase by 4 levels."  U.S.S.G. § 3B1.1(a) (emphasis added).  In other words, for Masuisui to be eligible for the four-level enhancement, the Government needed to show only that the underlying criminal activity involved five or more *participants*, regardless of the number of *defendants* charged in this specific case.[8]  *See* U.S.S.G. § 3B1.1 cmt. 1 (defining a "participant" as a "person who is criminally responsible for the commission of the offense, but need not have been convicted"); *see also United States v. Viramontes*, 571 F. App'x 613, 616 (9th Cir. 2014) (explaining that "a person need not be prosecuted to be a participant.").  Because the Government clearly met this bar, there was no error in the Court's application of the four-level enhancement.[9]  *See* Dkt. No. 523 at 9, 13–15 (setting

---

purpose of a Section 3B1.1 enhancement); *United States v. Mayer*, 130 F.3d 338, 340 n.2 (8th Cir. 1997) (finding that although the charges against a defendant had been dismissed, he was still a participant for the purposes of Section 3B1.1).

[8]In fact, the bar is even lower.  Regardless of the number of participants or co-defendants, Section 3B1.1 can also be applied if a defendant was the leader or organization of a criminal activity that "was otherwise extensive."

[9]In addition, though somewhat unclear, it appears that Masuisui argues that the Court's application of the Section 3B1.1 enhancement improperly increased his sentence beyond the statutory maximum without a jury determination in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  *See* Dkt. No. 587 at 4–5.  The statutory maximum in Masuisui's case, however, was a *life* sentence.  *See* 21 U.S.C. § 841(b)(1)(A)(viii); *see also* Dkt. No. 315 at 11 (confirming at the change of plea hearing that Masuisui understood the potential statutory penalties); Dkt. No. 398 at 24 (setting forth the statutory maximum in the Presentence Investigation Report).  Consequently, the Court's application of the four-level enhancement—and Masuisui's resulting 292-month sentence—does not result in a sentence above the statutory

forth the factual basis for finding five or more participants in the underlying criminal activity); Dkt. No. 562 at 2–3 (affirming application of the enhancement on appeal). The Court therefore does not find that Masuisui has demonstrated an extraordinary and compelling reason for relief in this regard.

### b. Methamphetamine Purity

Next, Masuisui asserts that he is entitled to resentencing or compassionate release because "under the new changes in the law, the new law requires the purity of the methamphetamine be determined prior to sentencing (old law)[.]" Dkt. No. 587 at 2. Although it is unclear precisely which "new law" Masuisui is referring to, it appears that he believes that his sentence was improperly based on methamphetamine which was not tested and therefore of unknown purity.[10] *See id.* at 2, 6. This is the *same* argument he previously raised—and the Court denied— twice in his Section 2255 proceedings. *See* Dkt. No. 580 at 10–12 (denying Masuisui's claim that his defense counsel was constitutionally ineffective by failing to raise the issue of methamphetamine purity); Dkt. No. 584 (denying

---

maximum. *See Gaitan-Ayala v. United States*, 2013 WL 958361, at *5 (D. Haw. Mar. 12, 2013) (noting that "the defendant has no right to a jury determination of the facts that the judge deems relevant" to applying the Section 3B1.1 enhancement, so long as the Court "treats the Sentencing Guidelines as advisory and the sentence does not exceed the statutory maximum" (citations omitted)).

[10]The Court also notes that to the extent that Masuisui claims that he was unable to raise this issue because he was under the influence of "psychotropic drugs," the Court has already found this to be non-credible. *See* Dkt. No. 587 at 6; Dkt. No. 580 at 12 n.10.

reconsideration). As such, the Court will not entertain it for a third time.[11]

### c. Medical Circumstances

Finally, Masuisui claims that he is entitled to compassionate release, as he suffers from serious and/or terminal medical conditions and is in need of long-term or specialized care, including dialysis, mechanical ventilation, and a lung and kidney transplant, none of which has been provided to him within his facility. *See* Dkt. No. 587 at 2–3.

Pursuant to Section 1B1.13(b)(1) of the United States Sentencing Guidelines, a defendant's medical circumstances may constitute "extraordinary and compelling" reasons for compassionate release where:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period is not required). Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
>     (i)    suffering from a serious physical or medical condition,
>     (ii)   suffering from a serious functional or cognitive impairment, or
>     (iii)  experiencing deteriorating physical or mental health because of the aging process,

---

[11] Indeed, Masuisui has already appealed this Court's decisions on this issue without success. *See* Dkt. No. 587 at 2 (acknowledging he is "under appeal for this very same law/issue"); *see also* Dkt. No. 593 (Ninth Circuit denying a certificate of appealability).

       that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

    (i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    (ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    (iii)    such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

      Here, however, despite his sweeping claims, Masuisui has failed to provide *any* evidence of his medical conditions, prognosis, treatment needs, or why the BOP *medical* facility at which he is currently incarcerated is unable or unwilling to meet those needs.[12]  *See generally* Dkt. No. 587.  As such, without even this most

---

[12] For example, at sentencing, the Court noted that the BOP's western regional medical director had indicated that "the BOP has the facilities and the capability to address [chronic kidney disease] within the BOP system without the need to seek outside expert assistance or consultancy in the medical community." *See* Dkt. No. 523 at 35–36; *see also* Dkt. No. 441-1 at 2–3 (outlining BOP's medical capabilities).

basic of information, the Court is unable to find that Masuisui's medical circumstances constitute an extraordinary and compelling reason warranting compassionate release.

## CONCLUSION

For the reasons set forth herein, Masuisui has failed to demonstrate *any* extraordinary or compelling reason to justify the exceptional relief that he requests from this Court.[13]  His motion for compassionate release/reduction in sentence, Dkt. No. 587, is therefore DENIED.

IT IS SO ORDERED.

DATED: November 18, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

<u>United States of America vs. Kirisimasi Masuisui</u>; Cr. No. 14-00173 DKW-1;
**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE/REDUCTION IN SENTENCE**

---

[13]The Court therefore need not, and does not, address any of the other showings that must be made for a Section 3582(c)(1)(A)(i) motion to be granted.  *See Keller*, 2 F.4th at 1284 ("a district court that properly *denies* compassionate release need not evaluate each step.").