IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIRISIMASI MASUISUI,<br><br>Defendant. | Case No. 14-cr-00173-DKW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

On June 30, 2026, *pro se* Defendant Kirisimasi Masuisui filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582. Dkt. No. 595. The Government opposed the motion on July 10, 2026 and Masuisui did not reply. Dkt. No. 597. The Court denied the motion on July 31, 2026. Dkt. No. 598. On August 4, 2026, the Government notified the Court that it had not properly served Masuisui with its opposition, and Masuisui filed a motion for extension of time to reply. Dkt. Nos. 599, 600. On August 5, 2026, the Court vacated its initial order and granted Masuisui's extension request, ordering that he reply by September 7, 2026. Dkt. Nos. 601, 602. Masuisui did not reply. For the reasons set forth below, because Masuisui failed to show entitlement to relief, his motion is DENIED.

## FACTUAL & PROCEDURAL BACKGROUND

On October 2, 2019, the Court sentenced Masuisui to 292 months' imprisonment for two counts of conspiracy with intent to distribute methamphetamine, followed by 5 years of supervised release.[1] Dkt. No. 504. Among many factors, the Court considered Masuisui's health issues when reaching an appropriate sentence, issues which included chronic kidney disease. Dkt. No. 523 at 20–25, 34–36, 42. Masuisui timely appealed to the Ninth Circuit, Dkt. No. 511, which affirmed the judgment on March 17, 2022, Dkt. No. 563.

On September 23, 2024, Masuisui filed a *pro se* motion for compassionate release, arguing, *inter alia*, that he suffered from serious and/or terminal medical conditions requiring long-term or specialized care unavailable at his facility, including dialysis, ventilation, and a lung and kidney transplant. Dkt. No. 587. After review of the parties' full briefing, the Court denied the motion on November 18, 2024, because, *inter alia*, Masuisui had not exhausted his administrative remedies and failed to provide any evidence of his claimed medical conditions. Dkt. No. 594.

---

[1]Masuisui is currently incarcerated at the United States Medical Center for Federal Prisoners Springfield, located in Springfield, Missouri. *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (select "Find By Name," enter "Kirisimasi" in "First" and "Masuisui" in "Last," and select "Search") (last accessed July 29, 2026). He is scheduled to be released on June 16, 2034. *Id.*

On June 30, 2026, Masuisui filed the present *pro se* motion to reduce sentence pursuant to Section 3582(c)(1)(A)(i),[2] asserting that his medical condition "had deteriorated to the point that [he was] now required to use an oxygen concentrator, a BI-PAP, and a portable oxygen machine in order to breathe", and he was suffering from "Stage 5 kidney failure, which require[d] [him] to go on dialysis three times a week" and would cause his death within 2 to 3 years without a kidney transplant. Dkt. No. 595 at 6. Masuisui also checked the box on his motion form indicating that there was an "ongoing outbreak of infectious disease or ongoing public health emergency" at his correctional facility, without elaboration. *Id*. at 5. Masuisui argues that these conditions are sufficiently extraordinary and compelling to justify compassionate release. *Id*. at 4. Masuisui attached to his motion limited medical records from August 2024 showing his medication regimen that suggests he was undergoing dialysis at that time. Dkt. No. 595-3.

On July 10, 2026, the Government filed its opposition. Dkt. No. 597. The Government argued that Masuisui failed to provide any evidence of his alleged medical problems or that he had been denied necessary medical treatment at his facility. *Id.* at 7–8. The Government indicated that Masuisui had been properly

---

[2]A motion for reduction of sentence pursuant to Section 3582(c)(1)(A) requires a defendant to first exhaust administrative remedies. Masuisui completed this requirement, as of April 20, 2026, when the warden of his facility denied his request for sentence reduction. Dkt. No. 595-1; *see also* Dkt. No. 597 ("[T]he United States believes that Defendant Masuisui has correctly exhausted his administrative remedies . . . ").

served with this opposition. *Id.* at 11. The Court gave Masuisui until July 28, 2026 to file a reply. Dkt. No. 596. Masuisui did not reply.

On July 31, 2026, the Court denied Masuisui's motion for compassionate release. Dkt. No. 598. On August 4, 2026, the Government notified the Court that it had not properly served Masuisui with its opposition. Dkt. No. 600. The same day, Masuisui filed a motion for extension of time to file a reply. Dkt. No. 599. On August 5, 2026, the Court granted Masuisui's request for an extension and vacated the July 31 Order, explaining that, due to the Government's service error, Defendant had not been given sufficient opportunity to respond. Dkt. Nos. 601, 602. The Court ordered that Masuisui's reply brief be filed on or before September 7, 2026. Dkt. No. 601. Masuisui did not file a reply.

## STANDARD OF REVIEW

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Such circumstances must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Dillon*, 560 U.S. at 827, 831; *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Congress carved out one such circumstance in 18 U.S.C. § 3582(c)(1)(A)(i).

A court may "modify a term of imprisonment" upon an inmate's motion if:

1. the inmate exhausted "all administrative rights to appeal a failure of the [BOP] to bring a motion" on his behalf or 30 days has lapsed since the relevant warden received a request to do so;

2. the inmate has established that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable [Sentencing Commission] policy statements";

3. the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) and finds the inmate is "not a danger to the safety of any other person or the community," as provided under 18 U.S.C. § 3142(g).

*See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13 (policy statement). As relevant here, medical conditions may be "extraordinary and compelling" where the defendant "is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," though "[a] specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required." U.S.S.G. § 1B1.13, cmt. n.1 (A)(i).

The inmate bears the burden of establishing by a preponderance the requirements for a sentence reduction. *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 650 (1990) (a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## DISCUSSION

Masuisui's principal reason for sentence reduction is his medical condition, which he claims is terminal. Dkt. No. 595 at 6. The Court agrees with the Government, however, that Masuisui fails to show that his alleged health issues constitute an extraordinary and compelling grounds to alter his sentence.

Here, Masuisui claims to be suffering from Stage 5 kidney failure so severe that he expects death within 2 to 3 years without a transplant and which requires him to have medical assistance to breathe and to undergo regular dialysis. Dkt. No. 595 at 6. Masuisui, however, has, once again, failed to provide the evidence supporting his claim. The only medical records he provides are three pages from 2024. These pages list Masuisui's pharmacy regimen at that time and, at most, show that he was prescribed medication that appears to have been the precursor to dialysis. There is no mention of his purportedly terminal kidney failure, no mention of whether he was compliant with his medications, no mention of whether these medications continue to the present, no mention of any diagnosis, nor any mention of his prognosis. *See* Dkt. No. 595-3. Nor has Masuisui explained why the medical facility in which he currently resides cannot or has not provided the care that he requires. Absent the documentation substantiating these and other medical claims made by Masuisui, he is unable to show that his medical issues are so severe as to justify a sentence reduction. *See United States v. Enos*, No. 19-CR-00028 (JMS), 2023 WL 4420272,

at *3 (D. Haw. July 10, 2023) (denying compassionate release where defendant did not provide the evidence to support the severity and symptoms of his alleged medical condition); *United States v. Robledo*, No. 18-CR-2190 (AJB), 2020 WL 2542641, at *6 (S.D. Cal. May 19, 2020) ("Defendant has not provided sufficient documentation for his asserted medical conditions and therefore cannot meet his burden to establish his entitlement to a sentence reduction on that ground alone.").

The only other basis Masuisui provides to reduce his sentence is the risk of infectious disease at his facility. Dkt. No. 595 at 5. Here, too, however, Masuisui offers no evidence to support his claim. It is not even clear what disease is supposedly rampant in his facility, why Masuisui would be particularly vulnerable to it, what prison authorities are doing about it, how long the threat has existed, or the consequences that inmates have faced as a result because Masuisui offers no details about the alleged outbreak. *See United States v. Sanchez*, No. CR 13-00513 (JMS), 2022 WL 5245203, at *5 (D. Haw. Oct. 6, 2022), *aff'd*, No. 22-10282, 2023 WL 4703341 (9th Cir. July 24, 2023) (denying sentence reduction due to the "lack of any evidence for the court to evaluate the interplay between [defendant's] mental conditions, the prison conditions at [his facility], and the virus" which allegedly posed a risk to defendant's health (internal quotation marks omitted)).

The burden of proving an entitlement to a sentence reduction ultimately lies with Masuisui. *Sprague*, 135 F.3d at 1306–07. Just as with his previous motion for

compassionate release, Dkt. No. 587, Masuisui has failed to meet that burden, and for the same reason: failure to provide any evidence to support his alleged crises. Dkt. No. 594. Accordingly, the Court again denies Masuisui's motion for sentence reduction.

## **CONCLUSION**

For the reasons set forth herein, Defendant's Motion for Sentence Reduction, Dkt. No. 595, is DENIED.

IT IS SO ORDERED.

DATED: September 10, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge